IN THE SUPERIOR COURT OF GUAM



FILED
SUPERIOR COURT
OF GUAM

2013 SEP 19 AM 11: 11

**PEOPLE OF GUAM,**

vs.

**MICHAEL J. MENO,**

Defendant.

**CRIMINAL CASE NO. CF0195-12**

**DECISION AND ORDER**

This matter came before the HONORABLE VERNON P. PEREZ on July 26, 2013 at a bail hearing. Assistant Attorney General James Collins appeared for the Government. Attorney Warfield represented Defendant. Having heard the parties' arguments and considering the record, the Court now issues the following Decision and Order.

## BACKGROUND

On March 30, 2012, Michael J. Meno ("Defendant") was charged with Vehicular Homicide; Vehicular Homicide while Intoxicated; Leaving the Scene of an Accident with Injuries; Failure to Render Assistance to Injured following an Accident with Injuries; Driving While Under the Influence of Alcohol; and Operating a Vehicle Without a Valid Driver's License. On April 24, 2012, the court entered an Order of Conditional Release and Appearance Bond. On March 22, 2013 and April 1, 2013, the Probation Office filed a Violation Report, indicating that Defendant had violated terms of his conditional release. As a result, on March 29, 2013, Defendant was committed to the Hagatna Detention Facility. Defendant now moves the Court for release to third party custodians.

## DISCUSSION

Pursuant to 8 GCA § 40.50, Defendant brings this motion for his release since he is unable to meet the bail originally set at his first appearance. *See.* 8 GCA § 40.50. (2013). Release is governed by 8 GCA Ch. 40 (2013). Title 8 GCA §40.15 provides:

a) As used in this Section, 'release on own recognizance' means release of the person charged without bail and upon his written agreement to appear in Court at all required times and places and to fully comply with any other Court-ordered conditions and restrictions.

b) The judge shall order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.

c) In determining whether there is a substantial risk of nonappearance by the person charged or that the person charged will endanger the safety of any other person or the community, the judge shall consider the following factors:

    1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

    2) the history and characteristics of the person charged, including:

        i) length of his/her residence on Guam;

        ii) his/her employment status and history, and financial condition;

        iii) his/her family ties and relationships;

        iv) his/her reputation, character and mental and physical condition;

        v) his/her prior criminal record; if any, including any record of prior release on recognizance or on bail;

        vi) his/her history relating to drug or alcohol abuse;

        vii) the identity of the reasonable members of the community who will vouch for his/her reliability;

        viii) whether, at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state, or local law; and

        ix) his/her history of compliance with other Court orders;

    3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

    4) any other factors which bear on the risk of willful failure to appear or the danger to the community or to any individual member thereof if released; and.

d) Nothing in this Section shall be misconstrued as modifying or limiting the presumption of innocence.

In applying the factors listed above, the Court is concerned primarily with the safety of

the community and whether Defendant will appear in court when required. In light of that, the Court recognizes the very serious nature of the offenses charged along with the possibility of conviction and the likely sentence. Defendant has been a resident of Guam his entire life. He is currently unemployed and has no financial assets. Defendant has three children and his family ties and relationships are such that his mother has expressed her willingness to quit her job to take care of him. Defendant's charges, however, stem from allegedly driving while under the influence of alcohol. The Judiciary's Probation Office has filed with the Court two Violation Reports indicating Defendant's recent use of illegal drugs. The Court is troubled with the circumstances surrounding Defendant's subsequent drug use, which not only demonstrates Defendant's inability to comply with Court orders, but also suggests a potential danger to the community. Although the record is devoid of any prior failure to appear, the Court determines that Defendant's release will endanger the safety of another person or the community.

## CONCLUSION

Based on the foregoing reasons, the Court DENIES Defendant's Motion to Release to Third Party Custodians.

So **ORDERED** this 19th day of September, 2013.



HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

SEP 19 2013

Linda M. Perez
Deputy Clerk, Superior Court of Guam

*People v. Meno*
Decision and Order
Criminal Case No. CF0195-12                    - Page 3 of 3 -